IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| AMI KLUGH <br> 302 S. 4th Street <br> Lebanon, PA 17042 <br><br> Plaintiff, <br><br> v. <br><br> FARMERS PRIDE, INC. <br> d/b/a BELL & EVANS <br> 154 W Main Street <br> PO Box 39 <br> Fredericksburg, PA 17026 <br><br> Defendant. | Civil Action No. : _____ <br><br> **JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Ami Klugh ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Farmers Pride, Inc. d/b/a Bell & Evans ("Defendant"), alleges as follows:

### INTRODUCTION

1.  Plaintiff initiates this action contending Defendant has violated her rights protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by terminating Plaintiff because of her actual and/or perceived disabilities,

1

because of her past record of impairment, and/or in retaliation for Plaintiff's protected activity under the above-listed statutes.

## PARTIES

2.  Plaintiff, Ami Klugh, is a citizen of the United States and Pennsylvania and currently maintains a residence at 302 S. 4th Street Lebanon, PA 17042.

3.  Upon information and belief, Defendant, Farmers Pride, Inc. d/b/a Bell & Evans, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 154 W Main Street Fredericksburg, PA 17026.

## JURISDICTION AND VENUE

4.  The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

5.  On or about October 3, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as 530-2025-00809.

6.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7. By correspondence dated September 22, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

9. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This action is authorized and initiated pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*.

11. This Court has original jurisdiction over Plaintiff's ADA claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the laws of the United States.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the ADA claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

14. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff began her employment with Defendant in or about October 2023 in the position of Quality Assurance Technician.

16. Plaintiff's duties consisted of inspecting production facilities, monitoring process controls, an ensuring accurate paperwork.

17. At all times material thereto, Plaintiff performed her job well, receiving occasional praise for her work and no justifiable discipline.

18. By way of background, Plaintiff suffers from a chronic inflammatory joint and connective tissue disease that constitutes a disability within the meaning of the ADA and PHRA in that it substantially limits one or more major life activities.

19. Defendant initially scheduled Plaintiff to work approximately 53 hours per week.

20. Over the ensuing months, however, the fatigue caused by these hours exacerbated the symptoms of Plaintiff's chronic illness.

21. In or about May 2024, Plaintiff requested a reasonable accommodation from Defendant that would limit her work schedule to 40 hours per week and provided medical certifications pursuant thereto.

22. On or about May 17, 2024 Defendant informed Plaintiff that it would

be unable to accommodate her request and instead offered to transfer her to another position that would involve a significant decrease in compensation.

23. Plaintiff asked for time to consider the other positions and also proposed a revised accommodation that would only be in place for three (3) months.

24. Before the interactive process could be completed, however, Defendant suspended Plaintiff on or about May 22, 2024, based on a false allegation that Plaintiff was improperly conducting her quality checks.

25. Upon information and belief, Defendant had directed Plaintiff's co-worker Rachel Dukeman to write a false statement earlier that day accusing Plaintiff of making inaccurate time entries on her quality check paperwork.

26. Defendant further claimed that it had video evidence that contradicted the times Plaintiff had entered but refused Plaintiff's request to review the video.

27. Two days later, on or about May 24, 2024, Defendant informed Plaintiff that it was terminating her employment.

28. Accordingly, it is believed and therefore averred that Defendant's claimed reason for Plaintiff's termination was pretextual, and that Defendant actually terminated Plaintiff's employment because of her actual and/or perceived disabilities, because of her past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

29. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**<u>DISCRIMINATION, FAILURE TO ACCOMMODATE & RETALIATION</u>**

30. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

31. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

32. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as Plaintiff's chronic inflammatory joint and connective tissue disease substantially limited her ability to engage in one or more major life activities for an extended period of time.

33. At all times relevant hereto, Defendant had at least fifteen (15) employees.

34. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

35. Plaintiff requested a reasonable accommodation in connection with her

disabilities.

36. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

37. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, have violated the ADA by terminating Plaintiff because of her actual and/or perceived disabilities, because of her record of disability/impairment, failing to engage in the interactive process, and in retaliation for requesting a reasonable accommodation.

38. Additionally, Defendant, through its agents, officers, servant, and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

39. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not

limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, et seq.
## DISCRIMINATION, FAILURE TO ACCOMMODATE & RETALIATION

40. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

41. Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

8

and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

42. As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

43. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

44. Plaintiff requested a reasonable accommodation in connection with her disabilities.

45. Defendant failed to accommodate Plaintiff's reasonable request for accommodations in connection with her disabilities.

46. Upon information and belief, Plaintiff has since been replaced by or had her job duties reassigned to a non-disabled individual.

47. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff's employment because of her actual and/or perceived disabilities, for Plaintiff's record of impairment/disability, and in retaliation for requesting a reasonable accommodation in connection thereto.

48. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

                          **MURPHY LAW GROUP, LLC**

                By: <u>*/s/ Johannes Hoffman, Esq.*</u>
                      Michael Murphy, Esquire
                      Johannes Hoffman, Esquire
                      Eight Penn Center, Suite 2000
                      1628 John F. Kennedy Blvd.
                      Philadelphia, PA 19103
                      TEL: 267-273-1054
                      FAX: 215-525-0210
                      murphy@phillyemploymentlawyer.com
                      jhoffman@phillyemploymentlawyer.com
Dated: October 2, 2025       *Attorneys for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical evidence and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.